IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MATTHEW HOLLAND, PERRY HOGAN, **on their own behalf and on behalf of those similarly situated,**<br><br>    Plaintiffs,<br><br>v.<br><br>ASCENDTEK, LLC d/b/a SKY TELECOM, HAWKEYE TOWERS, LLC, and CHRISTOPHER FUTCH, Individually.<br><br>    Defendants. | JURY DEMANDED |

## COMPLAINT FOR DAMAGES
### (Collective Action Complaint)

COMES NOW, Plaintiffs, MATTHEW HOLLAND ("HOLLAND") and PERRY HOGAN ("HOGAN"), on their own behalf and on behalf of those similarly situated (collectively as "Plaintiffs"), who were employees of Defendants, ASCENDTEK, LLC d/b/a SKY TELECOM ASCENDTEK, LLC d/b/a SKY TELECOM, HAWKEYE TOWERS, LLC, and CHRISTOPHER FUTCH, Individually (or "Defendants"), and brings this complaint in support for an action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

# **INTRODUCTION**

1.

Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.

The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.

Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.

The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of

commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.

To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.

The Defendants in this case, a telecommunications Company, and its owners, violated the FLSA by failing to pay Plaintiffs and other similarly-situated Tower Technicians who were incorrectly labelled as independent contractors, time and one half for all of their hours worked over forty (40) each week.

7.

This action is intended to include each and every employee falling within the position titles above who worked for Defendants at any location, at any time within the past three (3) years.

## **PARTIES**

8.

Plaintiffs, and those similarly situated individuals ("class members"), earned an hourly wage on behalf of Defendants.

9.

Plaintiff, HOLLAND was employed by Defendants as a Tower Technician in or around November 2020, until around July 7, 2021.

10.

Plaintiff, HOGAN was employed at Defendants from in around January 21, 2019 through May 14, 2021, as a Tower Technician.

11.

Plaintiffs are employees of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

12.

Plaintiffs performed non-exempt labor for Defendants within the last three (3) years.

13.

Defendants employed Plaintiffs during the relevant time period.

14.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

15.

Defendants are a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

16.

Defendants are classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

During Plaintiffs' employment with Defendants, Defendants employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

18.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

19.

Defendant ASCENDTEK, LLC may be served at its business location: 1755 N Brown Rd Ste. 200, Lawrenceville, GA 30043.

20.

Defendant HAWKEYE TOWERS, LLC may be served by its registered agent on L Nichols Services, LLC located at 4572 Fairfax Place, Powder Springs, GA 30127 or its principal address at 212 Whitestone Drive, Canton, GA 30115.

21.

Defendant CHRISTOPHER FUTCH may be served at his last known place of residency at 6260 Clear Creek Rd, Ellijay, GA 30536.

## JURISDICTION AND VENUE

22.

This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

23.

Defendants, conduct business in Gwinnett County, Georgia and Cherokee County Georgia, therefore venue is proper in the Northern District of Georgia Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

24.

At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

25.

At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

26.

At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27.

At all material times during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the Defendant had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## **FACTUAL ALLEGATIONS**

28.

HOLLAND received daily rate compensation, but would regularly work up to 18 consecutive hours per day without being appropriately compensated.

29.

On some days HOLLAND would be withheld his pay on the basis of another worker's performance. In addition to this, Plaintiff would only be paid for half a day in situations that occurred beyond his control.

30.

HOLLAND would regularly work thirty (30) hours of overtime each week while employed at Defendants.

31.

HOLLAND expressed his concerns of not being adequately compensated to his supervisor Jared Gordon and Chris Futch, on numerous occasions with the Defendant acknowledging his failure to appropriately pay him.

32.

Nevertheless, Defendants failed to pay HOLLAND any additional compensation for overtime worked at the Defendant.

33.

On or around July 6, 2021, Defendants contacted HOLLAND notifying him that they were aware that he had retained legal counsel in regards to not being paid overtime.

34.

On or around July 7, 2021, Defendants contacted HOLLAND and told him that he could not return to work until further notice, even though he had been originally scheduled to work during this time.

35.

As of July 9, 2021, Plaintiff has been prohibited from returning to work and has not been compensated for this time.

36.

HOGAN received daily rate compensation, but would regularly work up to 18 consecutive hours per day without being appropriately compensated.

37.

On some days HOGAN would be withheld his pay on the basis of another worker's performance. In addition to this, Plaintiff would only be paid for half a day in situations that occurred beyond his control.

38.

HOGAN would regularly work thirty (30) hours of overtime each week while employed at Defendants.

39.

HOGAN expressed his concerns of not being adequately compensated to his supervisor Jared Gordon and Chris Futch, on numerous occasions with the Defendant acknowledging his failure to appropriately pay him.

40.

Nevertheless, the Defendants failed to pay HOGAN any additional compensation for overtime worked at the Defendants.

41.

Defendants failed to record all of the hours worked by Plaintiffs including overtime, and those similarly situated to them.

42.

Defendants do not have any records of signatures of Plaintiffs for the overtime it claims to have allegedly paid Plaintiffs.

43.

Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

44.

Upon information and belief, Defendants have a company-wide policy of failing to Plaintiffs and other similarly situated employees proper overtime compensation for all of their overtime hours worked.

45.

Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

46.

Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

47.

Defendants has acted willfully in failing to pay Plaintiffs, and those similarly situated to them, in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

48.

Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-44 above.

49.

Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

50.

During their employment with Defendants, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for same.

51.

As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in

one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

52.

As a result of Defendants' willful violation of the FLSA, Plaintiffs, and those similarly situated to them are entitled to liquidated damages.

53.

Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### Count II - Violation of 29 U.S.C. § 215(a)(3) (FLSA Retaliation)

54.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

55.

Defendants wrongfully prohibited Plaintiffs and other similarly-situated Tower Technicians from working jobs if they complained about not being appropriately compensated for working overtime.

56.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

57.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

58.

Defendants are considered a "person" under the FLSA and are prohibited from retaliating against Plaintiffs because they engaged in activity protected under the FLSA.

59.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

60.

Defendants knew that its conduct violated the FLSA, and Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

61.

Defendants' violations of the FLSA were willful and in bad faith.

62.

Plaintiffs engaged in statutorily protected activity under the FLSA by, inter alia, by opposing an employment practice he believed was unlawful under the FLSA.

63.

Plaintiffs suffered adverse actions as a result of his statutorily protected conduct, to wit: Defendants cut hours of work if they complained about not being paid overtime

64.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiffs engaging in activity protected under the FLSA.

65.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to retaliate against him.

66.

As a direct and proximate result of the retaliation, Plaintiffs has suffered emotional distress, for which he is entitled to recover from Defendants.

67.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiffs are entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendants for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him/them for which Defendants did not properly compensate him/them;

    c) Liquidated damages;

    d) Reasonable attorneys' fees and costs incurred in this action;

    e) Pre- and post-judgment interest as provided by law;

    f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

Respectfully submitted the 6th day of October, 2021.

                                        Respectfully submitted,

                                        /s/ Jeremy Stephens
                                        Jeremy Stephens, Esq.
                                        Ga. Bar No.: 702063
                                        **MORGAN & MORGAN, P.A.**
                                        191 Peachtree Street, N.E., Suite 4200
                                        Post Office Box 57007
                                        Atlanta, Georgia 30343-1007
                                        Tel:   (404) 965-1682
                                        Email: jstephens@forthepeople.com