UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HOLLAND, PERRY HOGAN, on their own and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ASCENDTEK, LLC d/b/a Sky Telecom, HAWKEYE TOWERS, LLC, and CHRISTOPHER FUTCH, individually, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:21-CV-4133-SEG |

## **O R D E R**

This matter is before the Court on the parties' joint motion for stipulated judgment approving their settlement agreement. (Doc. 132.) The agreement purports to settle Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"). Judicial review and approval of FLSA settlements is necessary to give settlements final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). A district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The damages, attorney fee amounts, and most other provisions appear to be fair and reasonable. However, the settlement agreement contains a "no

publicity" clause. (Doc. 132-1 at 8, ¶ 6.) This paragraph in part provides that "Plaintiffs agree not to post information about this Agreement on social media." (*Id*.) It further prohibits Plaintiffs' counsel from using the parties' names in any public statement about the case on counsel's website or in any "marketing, advertising, or promotional materials." (*Id*.) This paragraph does not provide an absolute bar on Plaintiffs' right to discuss the case but does operate broadly to compel their silence in online platforms. As such, in practical terms, it operates as a sort of confidentiality clause, which is disfavored in FLSA cases. "[C]ompelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnote omitted). *See also Gamble v. Air Serv Corporation*, 247 F. Supp. 3d 1302, 1306 (N.D. Ga. 2017) (internal quotation omitted); *Fears v. Auto Reflections, Inc.,* No. 1:17-cv-2632-TCB, 2018 WL 4846531, at *2 (N.D. Ga. Feb. 8, 2018).

"Courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Singh v. Petersendean Roofing & Solar Sys., Inc.*, 2018 WL 3219410, at *1 (M.D. Fla. July 2, 2018) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases)). The Court will

not approve the agreement due to the no publicity provision, specifically Paragraph 6. The Court therefore DENIES WITHOUT PREJUDICE the parties' joint motion for stipulated judgment approving the FLSA settlement agreement. (Doc. 132.) The parties may file an amended motion for approval of the settlement agreement, addressing the concerns outlined in this order.

**SO ORDERED** this 22nd day of February, 2023.

_____
SARAH E. GERAGHTY
United States District Judge