IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW HOLLAND, PERRY HOGAN, on their own and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ASCENDTEK, LLC d/b/a SKY TELECOM, HAWKEYE TOWERS, LLC, and CHRISTOPHER FUTCH, individually,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:21-cv-04133-SEG |

**JOINT AMENDED MOTION FOR STIPULATED JUDGMENT
APPROVING FLSA SETTLEMENT AGREEMENT**

**A.  INTRODUCTION**

This case was pled as an action for overtime under the Fair Labor Standards Act ("FLSA"). Because Plaintiffs' claims arise under the FLSA, any settlement of their claims must be approved by the Court and such approval must be entered as a stipulated final judgment. The purpose of this motion is to seek the Court's approval

of the settlement of Perry Hogan, Matthew Holland, Michael Keeney[1], Taylor Glasco, David Orlando, Jonathan Hilley, Christopher "Jared" Gordon, Brian Hudec, William Brandenburg, Kyle Shalkowski, Grant Hudgens, Justin Banken, Ron Carlee, Andre Clark, and Ronnie Hatcher's ("Plaintiffs") claims. Plaintiffs and Defendant AscendTek, LLC d/b/a Sky Telecom ("Defendant") jointly request that the Court approve the Parties' settlement of the above captioned matter.

**B.   SETTLEMENT OF FLSA CLAIMS IN THE ELEVENTH CIRCUIT**

In the Eleventh Circuit, there are only two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment

---

[1] Plaintiffs Perry Hogan, Matthew Holland, and Michael Keeney ("General Release Plaintiffs") also allege FLSA retaliation by Defendants. There exist *bona fide* disputes as to those claims which the Parties have also resolved as part of this settlement. Defendant provides separate consideration for a release of those claims and a general release of claims as to the General Release Plaintiffs in the Settlement Agreement. An executed copy of the Settlement Agreement is attached hereto as Exhibit A.

approving the fairness of the settlement. *Id*. In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing *Lynn's Food*, 679 F.2d at 1352-54). Accordingly, the Parties are submitting a copy of the agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

### C. THE PARTIES' SETTLEMENT AGREEMENT IS A FAIR AND REASONABLE RESOLUTION OF THEIR BONA FIDE DISPUTES

Following good faith, arms-length negotiations the Parties have reached a settlement of all claims between them. This negotiated settlement resolves a number

of *bona fide* disputes of law and fact, including, but not limited to: (i) whether Plaintiffs were employed by Defendant; (ii) whether Defendant was a joint employer of Plaintiffs as that term is defined in the FLSA; and (iii) whether the Plaintiffs were independent contractors not subject to the requirements of the FLSA. Due to the uncertainties of litigation created by these disputed issues and the benefit to all parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter without any admissions of liability or definitive resolutions on the above-referenced issues.

The proposed settlement arises out of an FLSA action which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel. The Parties undertook a review of documents related to the nature of the relationship between Defendant and Plaintiffs. In addition, the Parties researched the issue of whether, based on this review, Plaintiffs were independent contractors providing services to Defendant.

The Parties further agree that the settlement negotiated and reached by them reflects a fair and reasonable compromise of the disputed legal and factual issues in the case. Plaintiffs and their counsel discussed their unpaid overtime hours and they formulated proposed settlement figures. Defendant and its counsel discussed the same issues and independently formulated their own settlement figures. The Parties then

engaged in settlement discussions, based upon their independent valuations of the case.

Furthermore, the Parties reached this settlement with the assistance of an experienced mediator, Lee Parks. Indeed the Parties devoted an entire day to mediation, ultimately reaching agreement after many hours of arms-length negotiations.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The agreed-to sum to the Plaintiffs reflects fair awards to Plaintiffs in light of the available facts and accounting for each Parties' chances of prevailing at trial.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.  A settlement agreement and release, setting forth the terms of the settlement of Plaintiffs' FLSA and other claims, has been signed by Plaintiff and by an authorized representative of Defendant, respectively.

### D.     Approval of Payment of Attorney's Fees From FLSA Settlement

Plaintiffs' Counsel is entitled to the requested attorneys' fees and costs. The Supreme Court and Eleventh Circuit held that "attorneys who create a common fund are entitled to be compensated for their efforts from a reasonable percentage of that fund." *Stahl v. Mastec, Inc.*, 2008 WL 2267469, *1 (M.D. Fla. 2008) (citing *Camden*

*I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)) ("Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."); *See also Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1362 (S.D.Fla. 2011) ("[T]he Eleventh Circuit made clear in *Camden I* that percentage of the fund is the exclusive method for awarding fees in common fund class actions"). In an FLSA collective action, although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *See Hirsch v. Mister Sparky, Inc.*, 2010 WL 11603091, at *3 (N.D. Ga. Oct. 19, 2010); *see also Vogenberger v. ATC Fitness Cape Coral, LLC,* 2015 WL 1883537, at *5 (M.D. Fla. Apr. 24, 2015); *Hosier v. Mattress Firm, Inc.* 2012 WL 2813960 (M.D. Fla. June 8, 2012). In addition, the FLSA provides for a mandatory award of "Costs of the action to a prevailing plaintiff." *See* 29 U.S.C. § 216(b); *Glenn v. Gen Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988).

Plaintiffs seek an award of $783.94 for reimbursement of the costs incurred so far in the roughly 1.5 years of litigation.

Plaintiffs' attorneys' fees request of $97,350 constitutes one-third of the common fund. "Courts within this Circuit have awarded attorney's fees of

approximately one-third of a common fund in FLSA and wage and hour cases." *George v. Academy Mortgage Corporation*, 369 F. Supp. 3d 1356, 1382 (N.D. Ga. 2019) (approving Common Fund that provides Class Counsel's fee paid at 33% of the $925,000 Settlement Fund, and an additional amount for costs and settlement administration costs); *McLendon v. PSC Recovery Sys.*, 2009 WL 10668635, at *3 (N.D. Ga. June 2, 2009) (approving 33.33 % fee award); *see also Reyes v. AT & T Mobility Servs., Ltd. Liab. Co.*, 2013 WL 12219252, at *3, (S.D. Fla. June 21, 2013) ("Class Counsel's request for one-third of the settlement fund is also consistent with the trend in this Circuit.); *Adams v. Gilead Group, LLC, et. al.*, Case No. 3:16-cv-1566-J-PDB, ECF No. 107 (June 25, 2019) (awarding a fee award of 33% of the Settlement fund in an FLSA collective action, and an additional $9,996.94 for costs); *Freeman v. Trainingwheel Corp., LLC*, 2020 WL 7401488 (M.D. Fla. June 26, 2020) (approving common fund in FLSA Collective Action that provides Plaintiff's counsel fees of 1/3 of the Gross Settlement amount and reimbursement of their out-of-pocket costs).[2] Furthermore, District Courts throughout the Country regularly award between

---

[2] *See also Vogenberger,* 2015 WL 1883537 (awarding 33% of common fund to Plaintiff's counsel in FLSA collective action); *Kemper v. Rent-A-Center, Inc.*, No. 4:00-cv-00435-RH-WCS [Dkts. 14-15] (N.D. Fla. 2000) (same); *Graves v. Estes Heating & Air Conditioning, Inc.,* Case No. 3:14-cv-0084-TCB, Dkt. 47 (N.D. Ga. 2015) (awarding fee of 33.33% of the common fund in FLSA case);*Encarnacion v. J.W. Lee, Inc.*, 2015 WL 6437686, at *4 (S.D. Fla. Oct. 22, 2015) (approving class and FLSA collective action settlement of $6,000,000, which included $1,641,686.06 as attorneys' fees and $18,763.94 for costs.); *Stahl*, 2008 WL 2267469 (Approving attorney award of

30% to 50% for fees in similar class and collective actions. *See, e.g.*, *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (39% covering fees and costs was reasonable as a matter of law in an FLSA collective action).

Plaintiff's request for approval of Counsel's 33% fee also falls within the range of the private marketplace, "where contingency-fee arrangements are often between 30 and 40 percent of any recovery." *George*, 369 F.Supp.3d at 1383.

Finally, the Parties agree that 33% of the common fund is a reasonable percentage for attorneys' fees. Plaintiff's counsel took this case on a contingency basis, which provides for the payment of attorneys' fees in the amount of 40% of any settlement, and Plaintiff's counsel has agreed to the substantially lower their percentage to 33%.

---

28.8% of the $13,137,365 common fund, or $3,659,365 for fees and costs in wage and hour class action); *Signorelli v. Utiliquest LLC*, 5:08-cv-38-OC-10GRJ, Docket Entry 46 (July 25, 2008) (Hodges, J.) (awarding $3,000,000.00 for attorneys' fees out of the $10,000,000.00 common fund); *Kreher v. City of Atlanta, Georgia*, 2008 WL 113999561 (N.D. Ga. Sept. 30, 2008) (approving common fund in FLSA Collective action that provides Plaintiff's counsel $2,410,000 from a $7,500,000 common fund, or 32.13%); *Mosley v. Lozano Insurance Adjusters, Inc.*, 2021 WL 293243 (M.D. Fla. Jan. 11, 2021); *Reyes v. AT&T Mobility Serv., LLC*, 2013 WL 12219252 (S.D. Fla. June 21, 2103) (approving 1/3 common fund for fees, or $1,084,875, and $23,000 in costs in wage and hour class and collective action); *Seghroughni v. Advantus Rest., Inc.*, 2015 WL 2255278, at *1 (M.D. Fla. May 13, 2015) (awarding 1/3 of settlement fund to Plaintiff's counsel for fees, and an additional $10,000 in costs in wage and hour class and collective action).

Because of this contingency fee arrangement, Plaintiff's counsel has not received any payment for any of their time litigating the case since October 2021, nor have they received reimbursement for their out-of-pocket costs expended. Furthermore, the results in this matter warrant such an amount, given Defendants' vigorous defense and the results obtained on the Plaintiffs' behalf.

Plaintiff's Counsel undertook the financial risk of potentially unsuccessful litigation to recover overtime pay for workers they believe were not paid for all hours worked. In discussing the inherent risk of prosecuting FLSA collective action litigation on a contingency fee, the Northern District of Georgia stated:

> In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. . . . That risk warrants an appropriate fee. Indeed, a "contingency fee arrangement often justifies an increase in the award of attorney's fees." *Lunsford*, 2014 WL 12740375, at *14, 2014 U.S. Dist. LEXIS 200716, at *43 (*citing Sunbeam*, 176 F.Supp.2d at 1335 (*quoting Behrens*, 118 F.R.D. at 548); *see also In re Continental Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent-fee basis, plaintiffs' counsel must be adequately compensated for the risk of non-payment); *Ressler*, 149 F.R.D. at 656 ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award") ).

*George*, 369 F. Supp. 3d at 1380–8. The record here leaves no doubt that the fee request is appropriate and comports with fees awarded in similar cases.

## **CONCLUSION**

For the foregoing reasons, the Parties jointly and respectfully request that the Court enter stipulated judgment approving their settlement agreement, and, upon approval of the settlement, order dismissal of Plaintiffs' claims with prejudice. A proposed order is attached hereto as Exhibit B for the Court's consideration.

Dated: March 2, 2023

Respectfully submitted,

*/s/ Justin R. Barnes*
Justin R. Barnes
Georgia Bar No. 105220
JACKSON LEWIS, P.C.
1155 Peachtree St. NE, Suite 1000
Atlanta, Georgia 30309-3600
Telephone: 404-525-8200
Facsimile: 404-525-1173
Email:
Justin.barnes@jacksonlewis.com

***Counsel for Defendant***

*/s/ Jeremy Stephens (with permission)*
Jeremy Stephens, Esq.
GA Bar No.: 702063
191 Peachtree Street, N.E., Ste 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, a copy of the foregoing **JOINT AMENDED MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT** was filed with the Clerk of the Court via the Court's CM/ECF system, and that such system will send electronic notice of the filing to the following:

>Jeremy Stephens, Esq.
>Corey Asay, Esq.
>Morgan & Morgan, P.A.
>191 Peachtree Street, N.E.
>Suite 4200
>P.O. Box 57007
>Atlanta, GA  30343
>jstephens@forthepeople.com
>
>*Counsel for Plaintiff*
>
>　　　　　*/s/ Justin R. Barnes*_____
>　　　　　Justin R. Barnes